[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Kimball Haines Hunt, Esq., Defense Counsel, for Petitioner
Christopher Morano, Esq., Assistant State's Atty. for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of sale of a narcotic substance by a person who is not drug dependent in violation of General Statutes 21a-278 (b), sale of a narcotic substance in violation of General Statutes 21a-277 (a), conspiracy to sell a narcotic substance in violation of General Statutes 53a-48 (a) and 21a-277 (a) and possession of a narcotic substance in violation of 21a-279 (a). On the first and second counts sentences of fifteen years execution suspended after twelve years with five years probation. A sentence of five years was imposed on the third count and three years on the fourth count. All sentences were to run concurrently for a total sentence of fifteen years execution suspended after twelve years with five years probation.
On appeal judgment as to the second count was reversed CT Page 7061 vacating the concurrent sentence imposed on that count.
The evidence indicated that petitioner was a bouncer at a bar known to the police for extensive drug trafficking. Undercover officers entered the bar to purchase drugs and were approached by a female who was tried with petitioner as a codefendant. She informed the officers she could split a gram of cocaine for $50.00 and that she would obtain the cocaine from "John the big guy at the door." She was observed giving petitioner the money. Petitioner put the money in his pocket and gave the female a packet of cocaine. The cocaine was delivered to the officers.
At the hearing petitioner's attorney claimed that the sentence was disproportionately harsh. He points out the lesser sentence imposed on the codefendant and he stressed the fact that the amount of cocaine involved was small and no violence was involved. He also presented statistical information of similar offenses in which much lesser sentences were imposed. The sentencing transcript of a case in the U.S. District Court for the District of Columbia was also presented. This case involved the distribution of a single dilaudid pill by a person with a criminal record. The sentencing guidelines required a sentence of between seventeen and twenty-four years and the judge gave his reasons for imposing a sentence of much less than I the guidelines.
A number of letters were written by petitioner's friends and relatives alluding to his basic good character and rehabilitation. There was also a note attesting to petitioner's good conduct in prison signed by a number of corrections officers.
Petitioner stated that while he was free on bond he was not involved in any criminal activities and since he has been incarcerated he has been a model prisoner and has turned his life around. The petitioner stated that he believes he is innocent of the crimes for which he was convicted.
The state's attorney pointed out petitioner's prior record for narcotics violations and argued that the sentence was not unfair. He pointed out the difficulty of comparing sentences in other cases.
The sentencing judge also expressed the difficulty in comparing sentences without knowing the background and details of the cases. In imposing the sentence, the judge considered petitioner's background and his cooperation with the police. The judge also considered the seriousness of the defendant's criminal activity and his past criminal record. CT Page 7062
It should be noted that the information submitted by petitioner with respect to post sentencing matters has little relevance. The scope of review by this division is limited to considering whether or not the sentence imposed was inappropriate or disproportionate.
Petitioner has a record of convictions which include assault and two prior drug convictions. The last conviction involved four separate sales on four separate days. The factual pattern involved in these sales was not dissimilar to the sale for which the present sentence was imposed.
The legislature has prescribed severe penalties for the conviction of dealing in narcotics and the imposition of such penalties has been upheld. See Harmelin v. Michigan, 59 LW 4839 (6-25-91) in which a life sentence without possibility of parole for possession of cocaine was upheld by the United States Supreme Court.
The sentence here was well below the maximum which could have been imposed. Considering petitioner's past record, it cannot be found that the sentence imposed is inappropriate or disproportionate in light of the offense, the character of the offender, the protection of the public interest and the deterrent purposes for which the sentence was intended.
The sentence is affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J., and Norko, J., participated in this decision.